The plaintiff alleged that he had purchased certain lands from one Thomas Byrd, executing a mortgage or deed of trust to the defendant, Bankers Trust and Title Insurance Company, trustee, to secure the balance of purchase money amounting to $200,000, and that thereafter the General Assembly of North Carolina had enacted the Smoky Mountain Park bill and officials of said Park Commission had stated that said land would be included within the park area. Thereupon plaintiff approached Byrd and after some negotiations, it was agreed by Byrd to *Page 782 
extend the time of payment of said notes in order to enable plaintiff to make an advantageous sale of said land. Byrd died in September, 1929, and the defendants, D. J. Weaver and Kittie B. Byrd, were appointed administrators and trustees of his estate. Plaintiff further alleged that in violation of his oral agreement with Byrd, deceased, the defendants proceeded to sell the land to the Park Commission for the sum of $5.50 per acre and delivered a deed therefor, and that by reason of such breach of contract damage had resulted in the sum of $300,000.
The defendant, in answer to the complaint, pleaded as a bar or estoppel former actions instituted by the plaintiff upon the same alleged cause of action. In this connection reference is made to 202 N.C. 855-56,164 S.E. 338. The trial judge decreed as follows: "After hearing argument of counsel the court doth consider and adjudge that the action as above entitled be dismissed upon the grounds set forth in the pleadings. It is further ordered and decreed by the court, upon the pleadings, that the plaintiff, his agents, servants, attorneys, or any one acting under his authority, shall be, and they hereby are, restrained and enjoined from prosecuting against the defendants, or any of them, any further action upon the grounds set forth in the complaint herein."
From the foregoing judgment the plaintiff appealed.
There was no request for findings of fact. Hence it is to be presumed by the Appellate Court that the judge found the necessary facts to support the judgment. It is the duty of appellant to show error, and in the absence of such showing, the judgment is presumed to be correct. Henderson v. JenkinsHdw. Co., ante, 775.